WEDERATH, Appellant, v. GIGG, County Superintendent,
Respondent.

(197 N. W. 786.)

(File No. 5231. Opinion filed March 18, 1924.)

1. **Appeal and Error—Briefs—Court Rules—Appeal Deemed Abandoned, Where Appellant Failed to Complete His Settled Record or File Briefs.**

Where five stipulations extending the time for appellant to file and serve his briefs have been filed in the Supreme Court from time to time, and appellant has failed to file his briefs or to complete his settled record, his appeal will be deemed abandoned, and judgment will be affirmed.

2. **Appeal and Error—Settled Record—Court Rules—Rule Held Not to Extend Time for Filing Briefs Indefinitely or Beyond Time Actually Necessary to Settle Record.**

Supreme Court rule No. 5, providing that, if the settled record has not at the time of notice of appeal been completed, appellant shall, within 30 days, after completion of the settled record, serve and file his briefs does not extend the time indefinitely, or at all beyond the time actually necessary to settle a record by prompt and vigorous action.

Appeal from Circuit Court, Lyman County; HON. N. D. BURCH, Judge.

Action by Frank C. Wederath against W. C. Gigg, as County Superintendent of Schools of Lyman County. Judgment for defendant, and palintiff appeals. Affirmed.

*Frank C. Wederath,* of Presho, and *M. Q. Sharpe,* of Kennebec, for Appellant.

*Brown & Brown,* of Chamberlain, for Respondent.

PER CURIAM. [1, 2] Notice of appeal from a judgment of the circuit court of Lyman county, entered July 7, 1922, was filed in this court September 14, 1922. Undertaking on appeal was filed here on October 26, 1922. Five stipulations extending the time in which appellant might serve and file his brief have been filed in this court from time to time. The last stiuplation extended the time of January 2, 1923, and was filed in this court December 16th, 1922. No settled record or notice of the completion of such settled record appears in any of the papers of this case.

Rule five of this court provides as follows:

"In all civil cases the appellant shall, within thirty days after notice of appeal, unless the settled record has not at the time of notice of appeal, been completed, and, in the latter case, within thirty days after completion of the settled record," etc.

The last two clauses above quoted were not intended to extend the time for serving and filing briefs indefinitely or at all beyond the time actually necessary to settle a record by prompt and vigorous action. We therefore hold that, the appellant having cailed to complete his settled record or to comply with rules 5, 6, 7,, and 13 of this court, this appeal is deemed abandoned, and the judgment of the lower court is affirmed.

Note.—Reported in 197 N. W. 786. See, Headnote, (1) American Key-Numbered Digest, Appeal and error, Key-No. 773(4), 3 C. J. Sec. 1607, 4 C. J. Sec. 2437; (2) Appeal and error, Key-No. 765, 3 C. J. Sec. 1603.